# District Court of the Navajo Nation

Judicial District of Window Rock, Arizona

---

### Kathleen M. Arviso, C# 100844, Petitioner,
### v.
### Jason Arviso, C# 51679, Respondent.
### Decided August 22, 1989

---

## OPINION AND FINAL ORDER

Genevieve K. Chato, Law Office Of Chato, Attorney for Petitioner; Peter Breen, Navajo Legal Aid Services, Attorney for Respondent.

Judge Robert Yazzie Presiding.

The Petitioner and Respondent were granted a divorce by an interim order of this court dated the 21st day of April, 1986. That order disposed of child support and custody issues and the disposition of the parties' property except the Petitioner's retirement benefits and the Respondent's social security benefits.

### ISSUE: WHETHER SOCIAL SECURITY BENEFITS AND EMPLOYEE RETIREMENT PENSIONS CONSTITUTE COMMUNITY PROPERTY SUBJECT TO DISPOSITION IN DIVORCE PROCEEDINGS?

## OPINION

### I. SOCIAL SECURITY BENEFITS

Under Navajo law, all assets earned by the husband and wife during their marriage are considered to be community property. 9 N.T.C. Section 205. The Respondent's Social Security benefits as derived from community assets is not disputed in this case.

Rather Respondent contends that the federal statutory scheme for Social Security benefits has preempted Navajo Nation domestic relations and community property law regarding the entitlement to such benefits. *See, McCarty v. McCarty*, 453 U.S. 210 (1981); *Hisquierdo v. Hisquierdo*, 439 U.S. 572 (1979). Petitioner contends that her rights to Respondent's Social Security benefits have vested and that since community funds were used to obtain the benefits, she is entitled to one half of those benefits. While Petitioner is correct that her benefits have vested, *see*, 42 U.S.C. Section 402(b), exactly what benefits she is entitled to is a more complex question than merely dividing them by one half. Under the United States Supreme Court decisions on supremacy clause, preemption of state domestic relations law exists where "the [state] right as asserted conflicts with

the express terms of federal law and whether its consequences sufficiently injure the objectives of the federal program to require non-recognition." *Hisquierdo*, 439 U.S. at 583. The court will assume that this preemption standard applies to Navajo Nation domestic relations law exactly as it applies to state law.

In *Hisquierdo*, the federal law on anti-attachment and terminating spousal benefits in divorce proceedings, contained in the Railroad Retirement Act (RRA), 45 U.S.C. Section 231 *et seq.*, preempted California community property law from apportioning R.R.A. benefits. In *McCarty, supra*, the court held military non-disability pay was not subject to community property disposition, emphasizing that the benefits were a personal entitlement of the recipient and that no benefits were made available to the spouse. In the case of Social Security benefits, provisions for benefits exist for both spouses and divorced spouses. 42 U.S.C. Section 402(b). Given the elaborate statutory scheme of benefits for the eligible individual and his family, this court holds that the distribution of such benefits has been determined by Congress and division by Navajo Nation community property law is preempted, *See, Hisquierdo, supra; McCarty, supra.*

## II. EMPLOYEE RETIREMENT PENSIONS

Both parties agree that Petitioner's vested pension rights acquired during marriage are community property assets. But they each assert that the property division, stipulated by both parties, somehow now requires the pension to either be divided ( Respondent) or not divided (Petitioner) in order to make the total property distribution fair and equitable. The Petitioner agrees that Respondent has been awarded more than his fair share of the total community property which is exemplified by his receiving the house and homesite lease in Fort Defiance, Arizona. The Respondent argues that he has been unfairly burdened with the majority of the parties' debts, including the mortgage on the home in Fort Defiance.

The fairness of the stipulated property division will not be questioned by the court since both parties claimed, at the time of the stipulation, that it was fair and equitable. In any case both parties misconceive the nature of the property awarded to Respondent. When Respondent was awarded both the house and its corresponding mortgage debt he merely received the existing equity in the home. The onerous debt service of which Respondent complains can be avoided by selling the home if he so wishes.

## III. CONCLUSION

The standard in deciding property settlements in divorce proceedings is that they be "fair and just." 9 N.T.C. Section 404. The fact that Petitioner has been awarded custody of her minor child and that Respondent's Social Security benefits may not be disposed of in this property settlement, this court awards the Petitioner's retirement pension to Kathleen M. Arviso. Petitioner's interest in the

Social Security benefits will be awarded, not by this court, but in accordance with federal statutory guidelines by the Social Security Administration.

## ORDER

Based upon the reasons above, Petitioner's entire retirement pension shall be awarded to Petitioner Kathleen M. Arviso.

It is further ORDERED that the distribution of the Social Security benefits shall be determined by applicable federal law on Social Security benefits.